No. 24,928.

MARTHA KILGORE, *Appellee*, v. CHARLES WITHRODER, *Appellant*.

SYLLABUS BY THE COURT.

CANCELLATION OF PROMISSORY NOTE AND MORTGAGE—*Sustained by the Evidence.* The proceedings considered, and *held*, a judgment for cancellation of a promissory note and of a real estate mortgage securing the note, was sustained by sufficient evidence.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 12, 1924. Affirmed.

*H. E. Ramsey,* and *E. T. Foote,* both of Hutchinson, for the appellant.
*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to cancel a note and a real estate mortgage securing the note. Plaintiff prevailed, and defendant appeals.

At the death of her husband, Martha Kilgore attempted to settle his estate without administration. When she had exhausted the assets in paying debts, she found herself without means to pay a note to Withroder for the sum of $400. Without any consideration moving to her, she then signed her husband's note. Withroder contends the consideration was that he would not institute probate proceedings and file a claim against the Kilgore estate, but the testimony at the trial did not furnish a basis for the contention. After she signed the note, Mrs. Kilgore received some funds from her father's estate, with which she purchased lots in Hutchinson, which she proceeded to occupy as a homestead for herself and her daughters, one

of them being an invalid. Mrs. Kilgore was growing old and, fearing Withroder would take her homestead from her, her children persuaded her to deed the lots to her daughter, Maud, who was living with her. Maud was to keep the lots for her mother. By false representations, Withroder then induced Maud and her mother to secure the note by mortgage on the lots. Learning they had been deceived, Maud deeded the lots to her mother, who commenced this action to cancel the note and mortgage. Withroder answered, praying for judgment on the note and for foreclosure of the mortgage.

The questions involved are simple questions of fact, and the judgment of cancellation is amply sustained by evidence. It would serve no useful purpose to print and to debate the testimony, and the judgment of the district court is affirmed.